IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MICHAEL STRAND,**<br><br>    **Appellant,**<br>v.<br><br>**ELIZABETH LOVERIDGE, et al**<br><br>    **Appellees.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:07-cv-00576-DAK**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

  Before the court are the following matters: (1) Michael Strand's ("Strand") pro se appeal from an order denying his motion for leave to file suit in state court against Elizabeth Loveridge (the "Trustee") issued by the Honorable Glen E. Clark of the United States Bankruptcy Court for the District of Utah,[1] (2) Strand's motion for an extension of time to file his opening brief,[2] and (3) Strand's motion for a hearing on the appeal.[3]

  As a preliminary matter, the court will rule on the motions. For good cause, and because it is unopposed, the court **GRANTS** Strand's motion for an extension of time. As such, the court will consider Strand's opening brief.

---

[1] *See* docket no. 1.

[2] *See* docket no. 6.

[3] *See* docket no. 12.

The court has carefully reviewed the briefs submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the appeal on the basis of the written briefs and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f). Accordingly, the court **DENIES** Strand's motion for a hearing. The court will now address the appeal.

## I. BACKGROUND

The underlying bankruptcy involves a manufacturing business known as Log Furniture, Inc. (the "Debtor") that was formerly located in Tooele, Utah. The bankruptcy petition was filed on October 31, 2003. Robert Swan was the original trustee,[4] and he served in that capacity until he resigned in May 2004.[5] The Trustee was then appointed as the Trustee on May 12, 2004, and has served in that capacity since that time.[6]

While Strand maintained an office at the Debtor's premises and had some type of business relationship with the Debtor, it is not clear from the record what the nature of that relationship was. The Trustee contends that Strand was a principal and control person of the Debtor. Strand disputes this and has testified that he was an unpaid consultant of the Debtor.

On July 7, 2004, the Trustee moved to sell a substantial portion of the Debtor's equipment and personal property.[7] Strand filed an objection ("Strand's Objection") to the motion

---

[4] *See* bankruptcy case no. 2:03-bk-38622, docket no. 71.

[5] *See* bankruptcy case no. 2:03-bk-38622, docket no. 206.

[6] *See id.*

[7] *See* bankruptcy case no. 2:03-bk-38622, docket no. 295.

and claimed that he had numerous personal items located at the Debtor's business premises that should not be subject to any proposed sale.[8]  After a hearing, the bankruptcy court entered an order dated August 5, 2004 (the "Order"), which granted the Trustee's motion and approved the sale but excluded various items.[9]  Specifically, paragraph 2(c) of the Order prohibited the Trustee from including in the sale those items identified in Strand's Objection.[10]

The auction took place on August 26, 2004.  Following the auction, representatives of the court-appointed auctioneer, Erkelens & Olson Auctioneers ("Erkelens & Olson"), delivered to Strand the items set forth in the Order that were located at the premises.  Strand asserts that several items listed in Strand's Objection and the Order were not returned to him following the auction.  According to the auction reports provided by Erkelens & Olson, none of the items that Strand complains of were found at the premises at the time of the auction.

On November 10, 2004, Strand filed a Notice of Claim Against the Trustee and the Trustee's Bond in which he asserted that the Trustee failed to return his property in violation of the Order.[11]  On February 8, 2006, Strand brought a Motion for Order to Show Cause why the Chapter 7 Trustee, Elizabeth Loveridge, should not be Held in Civil Contempt for failing to return all of the personal items listed in the Order.[12]  That motion was denied by the bankruptcy

---

[8] *See* bankruptcy case no. 2:03-bk-38622, docket no. 311.

[9] *See* bankruptcy case no. 2:03-bk-38622, docket no. 314.

[10] *See id.*

[11] *See* bankruptcy case no. 2:03-bk-38622, docket no. 334.

[12] *See* bankruptcy case no. 2:03-bk-38622, docket no. 447.

court on April 12, 2006.[13]  On April 13, 2007, Strand filed a Motion to Grant Leave to File State Law Tort Claims Against Bankruptcy Trustee in State Court.[14]  On May 23, 2007, the bankruptcy court denied the motion, and an order to that effect was entered on June 18, 2007.[15]  Strand filed a Notice of Appeal on June 28, 2007,[16] and elected to have the appeal decided in the United States District Court for the District of Utah.[17]

## II.  ISSUE AND STANDARD OF REVIEW

Strand appeals the bankruptcy court's denial of his motion for leave to file suit against the Trustee in state court.  "The granting of leave for a party to sue the trustee is within the sound discretion of the appointing court." *In re Kashani*, 190 B.R. 875, 881 (B.A.P. 9th Cir. 1995).  "Under the abuse of discretion standard[,] a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quotations and citation omitted).

## III.  DISCUSSION

In *Barton v. Barbour*, the United State Supreme Court held that "before a suit is brought against a receiver, leave of the court by which he was appointed must be obtained."  104 U.S.

---

[13] *See* bankruptcy case no. 2:03-bk-38622, docket no. 484.

[14] *See* bankruptcy case no. 2:03-bk-38622, docket no. 547.

[15] *See* bankruptcy case no. 2:03-bk-38622, docket no. 556.

[16] *See* bankruptcy case no. 2:03-bk-38622, docket no. 558.

[17] *See* bankruptcy case no. 2:03-bk-38622, docket no. 559.

126, 127 (1881). This rule is known as the *Barton* doctrine and has been repeatedly applied by lower courts to bankruptcy cases. *See, e.g.*, *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998); *see also Springer v. Infinity Group Co.*, 189 F.3d 478 (10th Cir. 1999) (unpublished). Thus, "[a] party must first obtain leave from the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *In Re Crown Vantage Inc.*, 421 F.3d 963, 970 (9th Cir. 2005). The parties obviously concede that the Barton Doctrine applies in this matter.

While the Tenth Circuit has not had occasion to address under what circumstances a bankruptcy court should grant a prospective plaintiff leave to file suit against a bankruptcy trustee in another forum, other courts have. *See In re Crown Vantage,* 421 F.3d at 976; *In re DeLorean Motor Co.*, 991 F.2d 1236 (6th Cir. 1993); *In re Gen. Carriers Corp.*, 258 B.R. 181, 187-88 (B.A.P. 9th Cir. 2001); *Kashani v. Fulton*, 190 B.R. 875, 884-888 (B.A.P. 9th Cir. 1995); *Novak v. Clark*, No. 00-13708, 2004 WL 1293249 (D. Kan. June 4, 2004); *In re Eerie World Entm't*, 2006 WL 1288578 (Bankr. S.D.N.Y. Apr. 18, 2006). Before ruling on a motion for leave to file suit in another forum, the bankruptcy court should determine whether or not the movant has set forth a prima facie case against the trustee. *See Kashani*, 190 B.R. at 885 (citing *Anderson v. United States*, 520 F.2d 1027, 1029 (5th Cir. 1975)). But even if the party seeking leave has established a prima facie case against the trustee, the bankruptcy court may still conclude that it is in a better position to adjudicate the claim based on a "balancing of the interests of all parties involved." *Id.* at 886.

In *In re Crown Vantage*, the Ninth Circuit adopted the following factors ("*Kashani* factors") for a bankruptcy court to consider in balancing the interests of all parties:

> "1. Whether the acts or transactions relate to the carrying on of the business connected with the property of the bankruptcy estate. If the proceeding is under 28 U.S.C. § 959(a), then no court approval is necessary. However, the moving party may request this initial review by the bankruptcy court in the motion for leave to sue the trustee, or perhaps in the form of a complaint, seeking a declaratory judgment from the bankruptcy court.
>
> 2. If approval from the appointing court appears necessary, do the claims pertain to actions of the trustee while administering the estate? By asking this question, the court may determine whether the proceeding is a core proceeding or a proceeding which is related to a case or proceeding under Title 11, United States Code.
>
> 3. Do the claims involve the individual acting within the scope of his or her authority under the statute or orders of the bankruptcy court, so that the trustee is entitled to quasi-judicial or derived judicial immunity?
>
> 4. Are the movants or proposed plaintiffs seeking to surcharge the trustee; that is, seeking a judgment against the trustee personally?
>
> 5. Do the claims involve the trustee's breaching her fiduciary duty either through negligent or willful misconduct?"

421 F.3d at 976 (quoting *Kashani*, 190 B.R. at 886-87). The existence of "one or more of these factors may be a basis of the bankruptcy court to retain jurisdiction over the claims." *Kashani*, 190 B.R. at 887.

Strand asserts that the bankruptcy court has no jurisdiction to adjudicate his claims against the Trustee. Specifically, he contends that his claims (1) arise under Utah law and not the bankruptcy code, (2) involve only his personal property and not property of the estate, and (3) are neither a core proceeding nor a noncore related proceeding that should be heard in the bankruptcy

court.  Strand further asserts that the bankruptcy court "conducted no meaningful review whatsoever into [his] [p]roposed [c]omplaint."[18]

A review of the record demonstrates that the bankruptcy court did not make any findings on the record as to whether or not Strand set forth a prima facie case against the Trustee.  The court did, however, cite the *Kashani* factors as the applicable standard for a bankruptcy court to use in determining whether or not to grant leave to file suit in another forum.  After setting forth each *Kashani* factor, the court stated, "Under that standard, the Court finds that it would be inappropriate to grant this motion.  The major thrust of [Strand's] proposed complaint is that the Trustee did not follow the directive of the Trustee's handbook which, generally speaking, is to be nice."

After reviewing the record in conjunction with the *Kashani* factors, this court concludes that the bankruptcy court did not abuse its discretion by denying Strand's motion for leave to file suit against the Trustee in another forum.  While it appears that the bankruptcy court did not evaluate Strand's proposed complaint to determine whether Strand had set forth a prima facie case against the Trustee, it did evaluate the complaint using the *Kashani* factors.  Even assuming that Strand had set forth a prima facie case against the Trustee, this court agrees with the bankruptcy court and concludes that the *Kashani* factors weigh heavily in favor of denying leave.  The court will now address each factor.

---

[18] Docket no. 7.

While the first *Kashani* factor does not apply in this matter because the acts Strand complains of do not "relate to the carrying on of the business connected with the property of the bankruptcy estate," the other four factors do apply. *Id.* at 886-87. The second factor is satisfied because Strand's claims against the Trustee pertain to her actions while she was administering the bankruptcy estate. *See id.* Specifically, Strand's claims arise from the Trustee's conduct in taking control of Strand's personal property along with the property of the estate and in selling the property of the estate. The third factor is established in that Strand's claims arise from acts within the Trustee's authority under the statute or orders of the bankruptcy court, such that she may be entitled to quasi-judicial or derived judicial immunity. *See id.* The fourth factor also established as Strand is seeking to recover against the Trustee personally. *See id.* In his opening brief, Strand states that the "Trustee . . . is *personally liable* for negligence, whether in the administration of her duties or in her private affairs. Whenever any bankruptcy trustee takes actual custody of property . . . , they are responsible for such property."[19] Finally, the fifth factor is satisfied because Strand alleges that the Trustee breached her fiduciary duty. *See id.* In particular, Strand's third and sixth causes of action in the proposed complaint allege breaches of the Trustee's duties as a bankruptcy trustee.

Because the existence of "one or more of these factors may be a basis of the bankruptcy court to retain jurisdiction over the claims," *Kashani*, 190 B.R. at 887, this court cannot conclude that the bankruptcy court abused its discretion by denying the motion for leave to file suit against

---

[19] *See* docket no. 7 (emphasis added).

the Trustee. It is apparent from the record that after "balancing of the interests of all parties involved" *id.* at 886, the bankruptcy court concluded that it is in a better position to adjudicate the claims against the Trustee. This court agrees.

Accordingly, the bankruptcy court's order denying Strand's motion for leave to file suit against the Trustee in state court is **AFFIRMED**.

### IV.  CONCLUSION

In summary, **IT IS HEREBY ORDERED**:

1.  Strand's motion for an extension of time[20] is **GRANTED**.

2.  Strand's motion for a hearing on the appeal[21] is **DENIED**.

3.  The bankruptcy court's order denying Strand's motion for leave to file suit against the Trustee in state court[22] is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED this 28th day of March, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[20] *See* docket no. 6.

[21] *See* docket no. 12.

[22] *See* docket no. 1.